Filed 9/25/24  P. v. Tejada CA6

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SIXTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE,<br><br>     Plaintiff and Respondent,<br><br>v.<br><br>MILTON WUESHTERBERG TEJADA,<br><br>     Defendant and Appellant. | H051238<br>(Santa Clara County<br>Super. Ct. No. F1766955) |

Defendant Milton Wueshterberg Tejada appeals from the court's denial of his petition to vacate various fines and fees pursuant to Penal Code section 1202.4[1] and resentence him pursuant to former section 1170, subdivision (d)(1)[2], and section 1170.91, subdivision (b).  For the reasons stated below, we affirm the order.

## I.  PROCEDURAL BACKGROUND[3]

On March 15, 2018, a jury convicted Tejada of sexual penetration by force or violence (§ 289, subd. (a)(1); count 1), two counts of sexual battery (§§ 242, 243.4, subd. (a); counts 2 & 3), and two counts of oral copulation by force or violence (former § 288a,

---

[1] Undesignated references are to the Penal Code.

[2] Assembly Bill No. 1540 (2021–2022 Reg. Sess.) (Stats. 2021, ch. 719, §§ 1–7) moved the recall and resentencing provisions from section 1170, subdivision (d)(1) to former section 1170.03, which has since been renumbered without substantive change as section 1172.1.  (See Stats. 2022, ch. 58, § 9.)  We hereafter refer to the statute as section 1172.1.

[3] Because the facts of the underlying matter are not relevant to the issues raised on appeal, we do not recount them here.

subd. (c)(2)(A); counts 4 & 5). The trial court sentenced Tejada to an aggregate state prison term of 15 years.

In 2021, this court affirmed the convictions on appeal, but reversed the judgment and remanded the matter for the trial court to vacate the unpaid portion of the criminal justice administration fee and itemize all fines, fees, and penalty assessments imposed, identifying the statutory basis for each.[4] (*People v. Tejada* (December 20, 2021, H045928) [nonpub. opn.] (*Tejada*).) On remand, the trial court filed an order on April 11, 2022 in compliance with this court's opinion, and issued an amended abstract of judgment on April 12, 2022.

On April 18, 2023, in the trial court, Tejada filed three separate motions as follows: (1) an "Ex Parte Motion" to vacate the court's security fees, conviction assessments, and restitution fines pursuant to section 1202.4; (2) a motion for resentencing pursuant to section 1172.1[5] ; and (3) a motion for resentencing pursuant to section 1170.91, subdivision (b), based on health conditions due to his military service. The record does not reflect the District Attorney's Office was served with or filed responses to any of these motions.

On June 16, 2023, the trial court filed an order denying Tejada's motions. In its order, the court noted that most of Tejada's arguments regarding the fines and fees had

---

[4] On our own motion, we take judicial notice of the opinion in Tejada's prior appeal.

[5] Section 1172.1 provide that the court may, on its own motion, recall and resentence a defendant convicted of a felony offense under specific circumstances, including but not limited to the following: (1) within 120 days of commitment; (2) if the applicable sentencing laws at the time of original sentencing were subsequently changed by new statutory authority or case law; or (3) at the recommendation of the "of the secretary or the Board of Parole Hearings in the case of a defendant incarcerated in state prison, the county correctional administrator in the case of a defendant incarcerated in county jail, the district attorney of the county in which the defendant was sentenced, or the Attorney General if the Department of Justice originally prosecuted the case." (§ 1172.1, subd. (a)(1).)

already been raised and addressed in his first appeal, and were therefore moot. The court further indicated that to the extent Tejada did not raise these arguments on appeal, they were procedurally barred.

On July 13, 2023, Tejada filed a timely notice of appeal. Appointed counsel filed an opening brief pursuant to *People v. Wende* (1979) 25 Cal.3d 436, which states the case and the facts but raises no specific issues. This court treated the brief as filed under *People v. Serrano* (2012) 211 Cal.App.4th 496 (*Serrano*) and *People v. Delgadillo* (2022) 14 Cal.5th 216 (*Delgadillo*).[6] On March 6, 2024, this court notified Tejada of his right pursuant to *Serrano* and *Delgadillo* to file a supplemental brief on his own behalf within 30 days, and that failure to do so would result in the dismissal of the appeal as abandoned. (*Serrano, supra,* 211 Cal.App.4th at p. 503; *Delgadillo, supra,* 14 Cal.5th at pp. 231–232.) On June 10, 2024, Tejada filed a supplemental statement.[7]

## II. DISCUSSION[8]

Tejada argues that the trial court erred in imposing fines and fees without first holding a hearing on his ability to pay, as contemplated in *People v. Dueñas* (2019) 30

---

[6] *Wende* review is only available in a first appeal of right. (*Serrano*, *supra*, 211 Cal.App.4th at p. 503; *Delgadillo*, *supra*, 14 Cal.5th at p. 223.) Because Tejada's appeal is from an order after judgment seeking to modify his sentence, and not a first appeal of right, he is not entitled to *Wende* review. (*Ibid*.) We therefore proceed with this appeal under the standard set forth in *Serrano,* which provides that "[i]n all future criminal appeals arising from proceedings other than the first appeal of right, where appointed counsel finds no arguable issues…counsel should (1) inform the court he or she has found no arguable issues to be pursued on appeal and (2) file a brief setting out the applicable facts and the law…Upon receipt of the brief from counsel, the court will inform defendant of his right to file a supplemental brief. The court will then either retain the appeal or dismiss it on our own motion." (*Serrano, supra,* at p. 503.)

[7] This court previously granted Tejada's request for an extension of time to file a supplemental brief on March 27, 2024.

[8] Tejada also argues, for the first time on appeal, that he should be entitled to resentencing pursuant to section 1385, as recently amended by Senate Bill No. 81. However, section 1385 is not applicable to the instant matter as this only addresses the

3

Cal.App.5th 1157. Tejada further argues that the trial court violated due process by failing to hold a hearing on his petition for resentencing as required under section 1170.91, subdivision (b).

An issue is arguable on appeal if it has a reasonable potential for success, and, if resolved favorably for the appellant, the result will either be a reversal or a modification of the judgment. (*People v. Johnson* (1981) 123 Cal.App.3d 106, 109.) Based on our independent review of the record, Tejada does not raise any arguable issues on appeal.

With respect to Tejada's claim that he was entitled to a hearing on his ability to pay, this court addressed the same argument in Tejada's prior appeal, and found that the trial court made an ability to pay finding (restitution fine), any purported error was harmless (court security fee and court operations assessment), and Tejada had forfeited his inability-to-pay based challenge by not objecting on that ground at sentencing (sex offender registration and AIDS education fines). (*Tejada, supra,* H045928.) Indeed, the primary basis for this court's reversal of the judgment was to clarify the statutory basis for certain assessments that were not specifically stated in the abstract of judgment or elsewhere in the record. We also note that Tejada did not appeal the trial court's April 11, 2022 order following remand, which specifically laid out the statutory basis and amount for each fee and fine imposed. He filed his motion to vacate more than one year after the order was filed. Accordingly, Tejada fails to raise an arguable issue on appeal regarding the court's denial of his motion to vacate security fees, conviction assessments, and restitution fines.

Regarding Tejada's petition for resentencing pursuant to section 1170.91, subdivision (b), the trial court was not required to hold a hearing because Tejada was ineligible for relief under this section as a matter of law. Section 1170.91 states that the resentencing provisions are not applicable to a "person convicted of, or having one or

striking of specific enhancements, none of which were alleged or imposed in Tejada's case.

4

more prior convictions for…an offense requiring registration pursuant to subdivision (c) of Section 290." (§ 1170.91, subd. (c).) As three of Tejada's convictions required him to register as a sex offender pursuant to section 290, he was not eligible for resentencing pursuant to section 1170.91, and the trial court did not err in denying his request without first holding a hearing.

As Tejada raises no arguable issues in his supplemental briefing and based on our independent review of the record, we affirm the trial court's post-conviction order denying Tejada's resentencing petition.

### III. DISPOSITION

The post-conviction order is affirmed.

_____
                                   Wilson, J.

WE CONCUR:


_____
       Bamattre-Manoukian, Acting P. J.


_____
            Danner, J.


*People v. Tejada*
H051238